ALSTON *v*. THE MECHANICS MUTUAL INSURANCE Co. of Troy. 4 Hill, 329.

In S. Ct. 1 Hill, 510.

*Representation ; Verbal Promise of future conduct of the Insured.*

EXCEPTIONS to report of referees, who admitted evidence that defendant promised if the company would take the risk proposed, to discontinue the use of a fire-place in the basement and use a stove instead ; but after obtaining the policy, used the fire-place still—in consequence of which the building was burnt. Report for defendants.

The Supreme Court held the evidence admissible ; that a *representation* like a *warranty* may be affirmative of the present or promissory of the future. On Error,

The Court of Errors *held* that a representation in the nature of a promise or stipulation for *future conduct* on the part of the assured, must, in general, be inserted in the policy ; and that the referees erred in receiving evidence by parol, of such an agreement, to defeat the policy ; and that their report should have been set aside and a *venire de novo* awarded.

All the members of the court (19) concurring in this result, the judgment of the Supreme Court was *unanimously reversed.*